```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


WILLIE J. MEEKS, JR.,          )
                               )
          Plaintiff            )
                               )
     v.                        )    Case No. 2:03 cv 67
                               )
JO ANNE B. BARNHART,           )
Commissioner of Social Security)
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Application for Attorneys' Fees Under the Equal Access to Justice Act filed by the plaintiff, Willie Meeks, on June 3, 2005.  For the reason set forth below, the motion is GRANTED.

Background

On March 18, 2003, the plaintiff, Willie Meeks, filed a complaint in this court seeking review of an unfavorable disability determination by the Commissioner of Social Security.  On March 7, 2005, this court granted Meeks' motion for summary judgment.  In so holding, the court found that the ALJ erroneously determined that Meeks was not credible on the basis of the reports of two evaluating physicians and a ten year old statement of activities and without regard for the statements of a treating physician or more contemporary descriptions of his daily activities.

On June 3, 2005, Meeks timely filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, after this court's order became final and unappealable on

May 6, 2005. See 28 U.S.C. §2412(d)(2)(G); Federal Rule of Appellate Procedure 4(a). He seeks $7,119.81, representing $6,247.31 for 56.80 hours spent on the case and $872.50 for the eight hours spent in responding to the Commissioner's challenge to the EAJA petition.

## Discussion

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A). See also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); Golembiewski v. Barnhart, 382 F.3d 721, 723-24 (7th Cir. 2004). In addition, the plaintiff must timely submit a fee application and itemized statement "to the court within 30 days of final judgment." United States v. Hallmark Construction Company, 200 F.3d 1076, 1078-79 (7th Cir. 2000). See also 28 U.S.C. §2412(d)(1)(B). The "position of the [Commissioner]" means the position of the Commissioner throughout the civil action, as well as "the action or failure to act by the [Social Security Administration] upon which the civil action is based." 28 U.S.C. §2412(d)(2)(D). See also Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court's award of attorney's fees under the EAJA is reviewed for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 560, 108 S.Ct. 2541, 2548, 101 L.Ed.2d 490 (1988); Golembiewski, 382 F.3d at 723.

The only dispute between Meeks and the Commissioner is whether the Commissioner's position was "substantially justified." The Commissioner's position is substantially justified if it is "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 555, 108 S.Ct. at 2548. In making this determination, the district court must consider whether the Commissioner's "position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Hallmark, 200 F.3d at 1080 (internal quotations omitted); Marcus, 17 F.3d at 1036. The Commissioner carries the burden of proof to show that her position was substantially justified. Golembiewski, 382 F.3d at 724.

The Commissioner argues that the ALJ was substantially justified in finding Meeks not totally credible because the plaintiff's descriptions of his activities as late as 2001 showed that he had more mobility than he testified to, because he inconsistently reported his dependency on alcohol and other drugs, and because the physicians' reports on which the ALJ relied to reach a negative credibility determination supported a finding that Meeks could perform a range of light work. All of these arguments fail.

The Commissioner's arguments with respect to alcohol must be rejected outright. The ALJ's credibility determination made no

3

mention of Meeks' alcohol and drug usage.  In applying the substantial evidence standard relevant to judicial review of the Commissioner's decision, the Seventh Circuit frequently has stated that "we may consider the entire administrative record, but we may not substitute our judgment for that of the ALJ by reconsidering the facts, reweighing the evidence or resolving factual disputes."  Scott v. Barnhart, 297 F.3d 589, 593 (7th Cir. 2002).  See also Cannon v. Apfel, 213 F.3d 970, 974 (7th Cir. 2000); Maggard v. Apfel, 167 F.3d 376, 378 (7th Cir. 1999).  Similarly, an argument that the ALJ's decision was substantially justified can have no basis in the law if it is not based on facts relied upon by the ALJ in his underlying decision.  Golembiewski, 382 F.3d at 725.  See also Golembiewski v. Barnhart, 322 F.3d 912, 916 (7th Cir. 2003) ([G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ.") For this reason, the Commissioner's argument regarding Meeks' allegedly inconsistent reporting of substance abuse is unpersuasive.

   Second, the Commissioner's argument that two evaluating physicians' reports support the ALJ's conclusion that Meeks could perform light work merely repeats the error on which this court ordered Meeks' case remanded.  In holding that the ALJ committed an error of law, this court specifically found that the ALJ erroneously relied on the same two physicians' reports while entirely ignoring the opinions of Meeks' treating physician.  See

4

March 7, 2005 Order at pp. 25-26.  In so doing, the ALJ contravened the Commissioner's own regulations with respect to the weight due to treating physicians' opinions.  See 20 C.F.R. §404.1527(d)(2).  See also Gudgell v. Barnhart, 345 F.3d 467, 470 (7th Cir. 2003); Books v. Chater, 91 F.3d 972, 979 (7th Cir. 1996) (quoting Stephens v. Heckler, 766 F.2d 284 (7th Cir. 1985)). That the ALJ's conclusion regarding Meeks' RFC now could be substantially justified on the same erroneous basis is not reasonable.

Finally, the Commissioner's assertion that Meeks' post-1992 descriptions of daily activities show that he was not fully credible also fails for the same reasons set forth above.  The ALJ discounted Meeks' testimony at the ALJ hearing on the basis of Meeks' 1992 statement of activities and with no reference to his later reports.  Given the number of subsequent reports showing a persistent decline in activities including a report as recent as 1998 essentially repeating the limitations to which Meeks testified at the hearing, the ALJ committed a plain error of law by looking only to the oldest report, particularly in view of the fact that the 1992 statement of activities related to the first of six applications for benefits for clinically progressive physical impairments.  As with the Commissioner's other theories of substantial justification, the Commissioner merely seeks to relitigate the issue of Meeks' credibility on the basis of reports not relied upon by the ALJ.  Because the ALJ's credibility finding was not reasonable in light of either the law or

5

facts, the Commissioner's argument with respect to daily activities fails as well.

_____

For the foregoing reasons, the Application for Attorneys' Fees Under the Equal Access to Justice Act filed by the plaintiff, Willie Meeks, on June 3, 2005, is GRANTED.  Plaintiff's counsel is awarded fees in the amount of $7,119.81.

ENTERED this 28th day of September, 2005

                                              s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge